**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Todd J. VERDONE, Defendant–**
**Appellant.**

**No. 03–4058.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2005.[*]

Decided Feb. 9, 2005.

John W. Vaudreuil, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Todd J. Verdone, Sandstone, MN, pro se.

Before EASTERBROOK, WOOD, and EVANS, Circuit Judges.

Order

Todd Verdone, who insists that he hales from the "Republic of Wisconsin" and therefore is not bound by federal tax legislation, contends in this appeal from convictions under 26 U.S.C. § 7206(1) and 18 U.S.C. § 1001(a)(3) that the district court lacked jurisdiction to try him. He insists that federal jurisdiction extends only to the territories, which the "Republic of Wisconsin" is not. Verdone does not appear to be delusional but has instead set out to make a pest of himself. He bears most of the costs, for he is ensconced in prison and seems determined to return quickly whenever released. His crimes relate to tax forms in which he insisted that six judges who presided over earlier criminal and civil cases, plus a state parole official, have engaged in criminal financial conduct amounting to theft of his (or perhaps the government's) funds.

The argument that federal courts lack jurisdiction over events that occurred in Wisconsin, that federal laws do not bind citizens of Wisconsin, and the like have been rejected too often to warrant more than a citation to *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993). Other "arguments" in Verdone's brief likewise reflect either wishful thinking or attempts to deceive. For example, he con-

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

tends that when the jury reported inability to agree on one count the judge replied: "The decision of the jury is absolutely unacceptable.... The Marshall [sic] shall get you lunch and dinner if need be, but you better not be asking for breakfast." No such statement appears in the transcript. All of the *words* are there: at one time or another the judge uttered "unacceptable" and "lunch" and "breakfast". But not in this sequence—and not while the jury was in the courtroom, either. We are not gulled as easily as Verdone appears to believe. No material error occurred at trial.

Sentencing is another matter. Verdone represented himself in the district court and on appeal, and he failed to make appropriate arguments about application of the Sentencing Guidelines. The sentence of 30 months' imprisonment for Verdone's pranks stemmed from the district court's decision to treat his conduct as obstruction of justice, covered by U.S.S.G. 2B1.1(c)(3). Yet the Guidelines themselves tell judges to use § 2T1.1 for offenses of the kind that Verdone committed. Perhaps resort to the general fraud guideline, § 2B1.1, could be justified. Either way, the sentencing range for someone in criminal history category III (as Verdone is) would have been 2–8 months. But the district judge followed a cross-reference in § 2B1.1(c)(3) that allows the court to sentence under another guideline when "the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline." That led the judge to obstruction of justice.

In response to our request for supplemental memoranda, the United States has confessed error. It concedes that the evidence does not establish that Verdone has committed the "offense" of "obstruction of justice," although his behavior was obstructive and obstreperous. The federal offense of obstruction of justice entails interference with an ongoing or impending judicial proceeding. See 18 U.S.C. § 1503. Verdone did not interfere with such a proceeding; none was under way or in prospect. Thus he may not be sentenced under § 2B1.1(c)(3). We agree with the prosecutor's current position, which makes it unnecessary to determine whether we also would agree with the analysis of the cross-reference in *United States v. Genao*, 343 F.3d 578, 583 (2d Cir.2003).

The judgment is vacated, and the case is remanded for resentencing without use of the cross-reference. When resentencing Verdone, the district judge will follow the requirements of *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the ranges prescribed by the Guidelines are no longer as controlling as they used to be, the upshot may not be as favorable to Verdone as he might wish. We need not and do not anticipate, however, what is to come.